IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| **NAUREEN BROOKS**<br>9574 Sea Gull Court<br>North Beach, MD 20714<br><br>Plaintiff,<br><br>v.<br><br>**PRESTIGE FINANCIAL SERVICES, INC.**<br>1420 South 500 West<br>Salt Lake City, UT 84115<br><br>And<br><br>**JOHN DOE**<br>        Defendants. | Case No. _____ |

## NOTICE OF REMOVAL

Defendant, Prestige Financial Services, Inc., by its attorneys, files this Notice of Removal and related papers pursuant to 28 U.S.C. §§ 1441, 1332 and 1446 to remove the action styled as *Brooks v. Prestige Financial Services, Inc., et al.*, Civil No. 04-C-11-000812 OC from the Circuit Court for Calvert County, Maryland, to the United States District Court for the District of Maryland, and in support states the following:

### FILING AND SERVICE OF COMPLAINT

1. *The Complaint.* On July 20, 2011 Plaintiff filed this action in the Circuit Court for Calvert County, Maryland ("State Court") by way of a Complaint filed against Defendants, Prestige Financial Services, Inc. ("Defendant") and John Doe alleging violations of the

Commercial Law Article of the Annotated Code of Maryland relating to the alleged consumer debt collection efforts by Defendants (the "Complaint"). On July 20, 2011 the State Court issued a 30 day Writ of Summons.

2. ***Service on Defendant.*** On July 26, 2011, Defendant Prestige Financial Services, Inc. ("Defendant Prestige") was served with a copy of the Complaint and Writ of Summons by service upon its resident agent, The Corporation Trust, Inc.

3. ***Plaintiff's Amendment of Complaint.*** On August 19, 2011, Plaintiff filed a First Amended Complaint ("Amended Complaint") with the State Court, amending, *inter alia*, the ad damnum clause to allege damages of no less than $76,000.

4. ***Service on Defendant.*** On August 19, 2011, Defendant Prestige was served with a copy of the Amended Complaint via hand delivery to undersigned counsel.

5. ***Attachment of Copies of Pleadings.*** Pursuant to 28 U.S.C. § 1446(a), Defendant Prestige has attached hereto as <u>Exhibit A</u> a copy of all process, pleadings, and orders arising from Plaintiff's Complaint and Amended Complaint and served to date on Defendant.

## JURISDICTION AND VENUE

6. ***Basis for Federal Jurisdiction.*** This Court has original jurisdiction over the above-entitled action pursuant to 28 U.S.C. § 1332(a). As set forth below, Defendant is entitled to remove this action pursuant to 28 U.S.C. § 1441(a) because: (i) this action is a civil action pending within the jurisdiction of the United States District Court for the District of Maryland; (ii) this action is between citizens of different states; and (iii) the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs.

7. *Venue*. Venue lies in the United States District Court for the District of Maryland, Southern Division, pursuant to 28 U.S.C. §§ 1391(a) and 1441(a) and Local Rule 501.2, because Plaintiff filed the Amended Complaint in the Circuit Court for Calvert County, Maryland.

## CITIZENSHIP OF PARTIES

8. *Plaintiff's Citizenship*. According to the allegations in the Complaint, and on information and belief, at the time this action was commenced and at all times through the present, the Named Plaintiff, Naureen Brooks, was and remains a citizen of Calvert County, Maryland. Amended Complaint at ¶ 4. For purposes of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332, Plaintiff is a citizen of the State of Maryland.

9. *Defendant's Citizenship*. Defendant Prestige Financial Services, Inc. is a corporation organized under the laws of the State of Utah with a principal business address at 1420 South 500 West, Salt Lake City, UT 84115. For the purposes of determining subject matter jurisdiction pursuant to 28 U.S.C. § 1332(c)(1), Defendant is a citizen of the State of Utah. Defendant was a citizen of Utah at the time this action was commenced and has remained a citizen of Utah at all times through the present. *See* 28 U.S.C. § 1332(c)(1); Amended Complaint at ¶ 5. Defendant John Doe is alleged to be an employee of Prestige Financial Services, Inc. Upon information and belief, Defendant John Doe has not been served with a summons and Complaint.

10. *Existence of Complete Diversity*. For the reasons described in the preceding paragraphs, complete diversity exists between Plaintiff and Defendants. *See* 28 U.S.C. § 1332(a)(1).

## GROUNDS FOR REMOVAL

11. *Plaintiff's Alleged Damages*. The amount in controversy exceeds the sum or value of $75,000.00, excluding interest and costs.

12. *Plaintiff's Request for Fees*. In addition to her demand for monetary damages, Plaintiff in her Complaint demands "reasonable attorneys' fees." Amended Complaint, page 8, ¶ 47(D). In Count I of her Amended Complaint, Plaintiff alleges violations of Maryland's Consumer Debt Collection Act ("MDCDCA"), MD. CODE ANN. COM. LAW § 14-201 *et seq.* Amended Complaint, ¶¶ 35-37. In Count II of her Amended Complaint, Plaintiff alleges violations of Maryland's Consumer Protection Act ("MDCPA"), MD. CODE ANN. COM. LAW § 13-101 *et seq.* Amended Complaint, ¶¶ 38-40. The MDCDCA and MDCPA expressly authorize the award of attorney's fees. *See.* §§ 13-408(b), 13-301(14)(iii). Attorney's fees should be considered in determining whether the amount in controversy requirement has been met. *See Biktasheva v. Red Square Sports, Inc.*, 366 F.Supp.2d 289, 294-95 (D.Md. 2005); *Momin v. Maggiemoo's Int'l, L.L.C.*, 205 F.Supp.2d 506, 509 (D.Md. 2002); *Gilman v. Wheat, First Securities, Inc.*, 896 F.Supp. 507, 510 (D.Md. 1995).

13. *Total Amount in Controversy*. Given the demands for relief set forth in Paragraphs 11 and 12 above, the amount in controversy exceeds $75,000.00 because Plaintiff seeks a judgment of no less than $76,000.00, plus statutory damages, costs, and attorney's fees.

14. *Summary of Right to Remove*. This Court has original jurisdiction over this action pursuant to 28 U.S.C. §§ 1332 and 1441(b) because complete diversity of citizenship exists between Plaintiff and the Defendants, the Defendants are not citizens of the state in which

this action was brought, and the amount in controversy exceeds $75,000.00, exclusive of interest and costs.

## PROCEDURAL MATTERS

15. *Timeliness of Filing.* Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is being timely filed with this Court within thirty (30) days after the July 26, 2011 service on Defendant Prestige of the original Complaint and Summons, and/or within thirty (30) days after the August 19, 2011 service on Defendant of the First Amended Complaint.[1]

16. *Notice of Filing Notice of Removal.* Upon filing of this Notice of Removal, Defendant Prestige shall provide prompt written notice to Plaintiff's attorneys and shall file and serve a copy of this Notice with the clerk of the Circuit Court for Calvert County, Maryland.

17. *Copy of Pleadings in State Court Action.* Pursuant to Local Rule 103.5.a, Defendant Prestige shall file within thirty (30) days of this notice, true and legible copies of all other documents on file in the Circuit Court for Calvert County, Maryland in Plaintiff's state court action. Furthermore, Defendant Prestige has attached to this Notice a copy of all process, pleadings, and orders arising from Plaintiff's Complaint and Amended Complaint and served to date on Defendant Prestige.

18. *Compliance with Rule 11.* This Notice of Removal is being signed pursuant to Rule 11 of the Federal Rules of Civil Procedures.

---

[1] Removal of this case was uncertain upon service of the Complaint because the ad damnum clause to the Complaint does not quantify Plaintiff's monetary demand, as is required under the Maryland Rules. The First Amended Complaint added claims for no less than $76,000.00 in monetary damages, plus other damages and attorney's fees, thereby clearly establishing the basis for federal subject matter jurisdiction under 28 U.S.C. §1332(a).

WHEREFORE, Defendant Prestige Financial Services, Inc. prays that the action pending against it in the Circuit Court for Calvert County, Maryland be removed to this Court.

Dated this 24th day of August, 2011.

Michael R. Naccarato (Bar No. 29023)
Email: mrnaccarato@gandwlaw.com
**GORMAN & WILLIAMS**
36 South Charles Street, Suite 900
Baltimore, Maryland 21201
Telephone: (410) 528-0600
Facsimile: (410) 528-0602
*Attorneys for Defendant,*
*Prestige Financial Services, Inc.*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NAUREEN BROOKS<br>9574 Sea Gull Court<br>North Beach, MD 20714<br><br>      Plaintiff,<br><br>v.<br><br>PRESTIGE FINANCIAL SERVICES, INC.<br>1420 South 500 West<br>Salt Lake City, UT 84115<br><br>      Defendant. | Case No. _____ |

## CERTIFICATE OF SERVICE

I CERTIFY that on this 24th day of August, 2011 a copy of the foregoing Notice of Removal was served by first-class mail, postage prepaid, addressed to:

Morgan W. Fisher, Esq.
Lawrence & Fisher PLLC
155 Duke of Gloucester Street
Annapolis, MD 21401
*Attorney for Plaintiff*

                                        /s/
                            Michael R. Naccarato