## IN THE CIRCUIT COURT FOR CALVERT COUNTY MARYLAND

FILED

**NAUREEN BROOKS**
9574 Sea Gull Court
North Beach, MD 20714

Plaintiff

v.

**PRESTIGE FINANCIAL SERVICES, INC**
1420 South 500 West
Salt Lake City, UT 84115

*Serve*
The Corporation Trust Company
351 West Camden Street
Baltimore, MD 21201

*And*

**John Doe**

Defendants

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

2011 JUL 20  PM 1:31

CALVERT COUNTY, CLERK
CIRCUIT COURT

Civil Case No. _____ C11-812

Case: 04-C-11-000012
CF-Civil Fili
                    $80.00
CF-App Fee
                    $10.00
CF-App Fee
                    $10.00
MLSC
                    $55.00
TOTAL           $155.00

Receipt #201100002551
Cashier: JB CCCVCR1
07/20/11   1:50pm

### COMPLAINT

### INTRODUCTION

1. This action arises out of Defendants' repeated violations of the Maryland Consumer Protection Act (the "MCPA") and the Maryland Consumer Debt Collection Act (the "MCDCA") and out of the invasions of Plaintiff's personal and financial privacy by these Defendants and their agents in their illegal efforts to collect a consumer debt from Plaintiff.

### JURISDICTION

2. Jurisdiction of this Court arises under Md. Code Ann., Cts. & Jud. Proc., §§ 6-102(a) and 6-103(b)(1)-(3).

**True Copy Test**

*Kathy P. Smith*

**Clerk of Circuit Court**

-1-

3.      Venue is proper in this District because the acts and transactions occurred here, Plaintiff

        resides here, and Defendants transact business here.

## PARTIES

4.      Plaintiff Naureen Brooks is a natural person who resides in the City of North Beach, County

        of Calvert, State of Maryland.

5.      Defendant Prestige Financial is upon information and belief a company headquartered in

        Utah that regularly makes loans and services loans to Maryland residents and is a debt

        collector pursuant to MCDCA 14-201(b) and a "person" as defined by MCDCA 14-201(d)

6.      Defendant John Doe (hereinafter "Defendant Doe") is a natural person who was employed

        at all times relevant herein by Defendant Prestige Financial as a collection agent and is a

        "debt collector" as that term is defined by MCDCA 14-201(b).

## FACTUAL ALLEGATIONS

7.      On or around 2009, Plaintiff incurred a financial obligation with Defendant that was

        primarily for personal, family or household purposes and was therefore a "consumer

        transaction" as that term is defined by MCDCA 14-201(c).

8.      Shortly thereafter, Prestige began a shameful course of conduct in an effort to collect on

        their loan.

### *REPETITIVE COMMUNICATIONS*

9.      From October 2010 to June 2011, Prestige called the Plaintiff numerous times a day, both

        on her personal cell phone and on her work phone.

10.     During these calls, the Defendants at times failed to conduct their collection activities in

        an appropriately professional manner as required by Maryland State Law.

11.     Specifically, on various occasions Prestige collection agents chided the Plaintiff for being irresponsible and reckless and asked her why she could not make her car payment if she had just been paid.

12.     Additionally, Prestige texted Plaintiff on a continuous basis. For example, in one week alone Prestige texted Plaintiff over seventy-five (75) times.

13.     As a result of this persistent abuse, Prestige caused the Plaintiff severe emotional distress and anxiety.

## CALLS TO THE PLAINTIFF'S WORK

14.     When the Plaintiff ceased responding to Prestige's calls and texts due to their excessive and sometimes abusive nature, Prestige began to contact the Plaintiff at work. Prestige called the Plaintiff's place of work dozens of times and revealed the debtor's private financial information to multiple third parties.

15.     Specifically, Prestige spoke to John Johnson, the business owner of the Plaintiff's place of employment, on multiple occasions and asked to speak with the Plaintiff. During their conversations with Mr. Johnson, Prestige disclosed that the Plaintiff was behind on her payments.

16.     Prestige also spoke to Plaintiff's boss about her account on multiple occasions. During their conversations with the Plaintiff's boss, Prestige disclosed that the Plaintiff was behind on her car payments

17.     Both Plaintiff's boss and Plaintiff's business owner repeatedly told representatives from Prestige that Plaintiff could not take personal calls at work and to not call again.

18.  Prestige ignored these requests and continued to harass the Plaintiff at work on a daily basis, greatly disrupting the Plaintiff and causing her severe embarrassment and emotional distress that interfered with her ability to perform her job.

## CALLS TO THE PLAINTIFFS FAMILY AND FRIENDS

19.  Not satisfied with disrupting the Plaintiff at work and humiliating her in front of her employer and co-workers, Prestige also called the Plaintiff's family and friends and revealed personal financial information about her debt.

20.  Specifically, Prestige called Plaintiff's mother, Pattsie Rawlins, and told her that her daughter was behind on her car payments.

21.  Plaintiff's mother repeatedly requested that Prestige stop contacting her about her daughter's personal financial affairs and Prestige ignored her requests.

22.  Prestige also contacted the Plaintiff's cousin, Bonita Lyles and told her that the Plaintiff was behind on her car payments.  During their conversations with Ms. Lyles, Prestige collection agents failed to immediately identify themselves as debt collectors, giving Ms. Lyles the impression that they were friends or acquaintances of the Plaintiff who wanted to get in touch with her.

23.  Prestige also contacted the Plaintiff's friend, Sylvia Butler, to discuss the Plaintiff's loan with Prestige.

24.  By revealing Plaintiff's personal financial information to her family and friends, Prestige caused the Plaintiff severe emotional distress and embarrassment.

### Summary

25.  All of the above-described collection communications made to Plaintiff by Defendant Prestige and Defendant John Doe, and other collection employees employed by Defendant

Prestige, were made in violation of numerous and multiple provisions of the MCDCA, including but not limited to 14-202(4), 14-202(5) and 14-202(6),

26.   The above-detailed conduct by these Defendants of harassing Plaintiff in an effort to collect this debt was an invasion of Plaintiff's privacy by an intrusion upon seclusion and by revelation of private financial facts and resulted in actual damages to this Plaintiff.

27.   This series of abusive collection calls by Defendant Prestige and its employees pushed Plaintiff to consider bankruptcy as a way out of these abusive calls and communications with third parties.

28.   This series of abusive collection calls seriously interfered with Plaintiff's work, caused her severe distress, humiliation and loss of enjoyment of life.

29.   Defendants' repeated disclosures of Plaintiff Brooks' indebtedness to third parties was an invasion of her privacy and her right to financial privacy.

30.   Plaintiff suffered actual damages as a result of these illegal collection communications by these Defendants in the form of anger, anxiety, emotional distress, fear, frustration, upset, humiliation and embarrassment, amongst other negative emotions, in addition to her suffering from unjustified and abusive invasions of personal privacy.

### *Respondeat Superior Liability*

31.   The acts and omissions of Defendant Prestige and the other debt collectors employed as agents by Defendant Prestige who communicated with Plaintiff as further described herein, were committed within the time and space limits of their agency relationship with their principal, Defendant Prestige.

32.   The acts and omissions by Defendant Prestige and these other debt collectors were incidental to or of the same general nature as the responsibilities these agents were authorized to perform by Defendant Prestige in collecting consumer debts.

33.   By committing these acts and omissions against Plaintiff, Defendant Prestige and these other debt collectors were motivated to benefit their principal, Defendant Prestige.

34.   Defendant Prestige is therefore liable to Plaintiff through the Doctrine of Respondeat Superior for the intentional and negligent acts, errors, and omissions done in violation of state and federal law by its collection employees, including but not limited to violations of the MCDCA, the MCPA and Maryland tort law, in their attempts to collect this debt from Plaintiff.

## CAUSES OF ACTION

### COUNT I.

### VIOLATIONS OF THE MARYLAND CONSUMER DEBT COLLECTION ACT

### MD. CODE ANN., COM LAW II §§ 14-201-14-204

35.   Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36.   The foregoing acts and omissions of each and every Defendant and their agents constitute numerous and multiple violations of the MCDCA including, but not limited to, §§ 14-201-14-204 of the MCDCA.

37.   As a result of each and every Defendant's violations of the MCDCA, Plaintiff is entitled to actual damages pursuant to §14-204 from each and every Defendant herein.

## COUNT II.

## VIOLATIONS OF THE MARYLAND CONSUMER PROTECTION ACT

## MD. CODE ANN., COM LAW II §§ 13-301 et. seq.

38. Plaintiffs incorporate by reference all of the paragraphs of this Complaint as though fully stated herein.

39. The foregoing acts of each and every Defendant and their agents constitute an unfair and deceptive act as made applicable by 13-301(14)(iii)

40. As a result of each and every Defendant's violations of the MCDCA, Plaintiff is entitled to actual damages and attorney's fees pursuant to 13-408 from each and every Defendant herein.

## COUNT III.

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION AND BY

## REVELATION OF PRIVATE FINANCIAL FACTS TO THIRD PARTY

41. Plaintiff incorporates by reference all of the paragraphs of this Complaint as though fully stated herein.

42. Defendants and/or their agents intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely, by repeatedly and unlawfully attempting to collect a debt and thereby invaded the Plaintiff's privacy.

43. Defendants also intentionally and/or negligently interfered, physically or otherwise, with the solitude, seclusion and or private concerns or affairs of the Plaintiff, namely by repeatedly and unlawfully disclosing information about this debt to third parties, and thereby invaded Plaintiff's right to financial privacy.

44. Defendants and their agents intentionally and/or negligently caused emotional harm to the Plaintiff by engaging in highly offensive conduct in the course of collecting this debt, thereby invading and intruding upon the Plaintiff's rights to privacy.

45. Plaintiff had a reasonable expectation of privacy in Plaintiff's solitude, seclusion, private concerns or affairs, and private financial information.

46. The conduct of these Defendants and their agents, in engaging in the above-described illegal collection conduct against this Plaintiff, resulted in multiple intrusions and invasions of privacy by these Defendants which occurred in a way that would be highly offensive to a reasonable person in that position.

47. As a result of such intrusions and invasions of privacy, Plaintiff is entitled to actual damages, punitive damages and attorneys fees in an amount to be determined at trial from each and every Defendant.

**WHEREFORE,** the Plaintiff having set forth her claims for relief against the Defendants respectfully prays of the Court as follows:

A. That the Plaintiff has and recovers against the Defendants a sum to be determined at trial in the form of actual damages;

B. That the Plaintiff has and recovers against the Defendants a sum to be determined at trial in the form of statutory damages;

C. That the Plaintiff has and recovers against the Defendants a sum to be determined at trial in the form of punitive damages;

D. That the Plaintiff has and recovers against the Defendants the costs of bringing this action, including reasonable attorneys' fees, disbursements and experts' fees;

E.      That the Plaintiff has such other and further relief as the Court may deem just and

proper.


Dated: July 18, 2011                              Respectfully submitted,

                                                  **LAWRENCE & FISHER PLLC**

                                                  Morgan W. Fisher, Esq..
                                                  Andrew J. Lawrence, Esq.
                                                  155 Duke of Gloucester St.
                                                  Annapolis, MD 21401
                                                  Telephone: (410) 626-6111
                                                  Facsimile: (410)-267-8072
                                                  mwf@lawrence-fisher.com


                                                  Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT

STATE OF MARYLAND      )

COUNTY OF CALVERT     )

Plaintiff Naureen Brooks deposes and says as follows:

1. I am a Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification, or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s) named in the Complaint.
5. I have filed this civil Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified, or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

_Naureen Brooks_
Naureen Brooks

This 18 day of July, 2011.

-12-

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all claims so triable.

Dated: July 18, 2011                       Respectfully submitted,

**LAWRENCE & FISHER PLLC**

Morgan W. Fisher, Esq..
Attorney I.D.#28711
155 Duke of Gloucester St.
Annapolis, MD 21401
Telephone:  (410) 626-6111
Facsimile: (410)-267-8072
mwf@lawrence-fisher.com

Attorney for Plaintiff