IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | | |
|---|---|---|
| NAUREEN BROOKS, | * | |
| Plaintiff, | * | |
| | * | |
| | * | |
| v. | * | Civil Action No. 11-cv-02370-AW |
| | * | |
| PRESTIGE FINANCIAL SERVICES, INC., | * | |
| *et al*, | * | |
| Defendants. | * | |

*******************************************************************************

## Memorandum Opinion

Presently pending in this case is Plaintiff's motion to strike notice of stay, Doc. No. 12, and Defendant Prestige Financial Services, Inc. ("Prestige")'s motion to dismiss for lack of standing or in the alternative to stay this action, Doc. No. 14. The Court has reviewed the record, as well as the pleadings and exhibits, and finds that no hearing is necessary. *See* Local Rule 105.6 (D. Md. 2010). For the reasons described below, the Court will grant Plaintiff's motion to strike notice of stay and deny Prestige's motion to dismiss or stay this action.

## I.      FACTUAL & PROCEDURAL BACKGROUND

The following facts are either not in contention or are viewed in a light most favorable to Plaintiff. On or about June 2, 2008, Plaintiff Naureen Brooks ("Brooks") purchased a 2005 Honda Accord. The purchase and sale was financed by Defendant Prestige. *See* Am. Compl. ¶ 5-7. In June 2011, Brooks was in default pursuant to her loan agreement with Prestige. *See* Am. Compl. ¶ 7-9. On June 21, 2011, Brooks filed a petition under Chapter 13 of the Bankruptcy Code. On July 20, 2011, Brooks filed this action in the Circuit Court of Maryland for Calvert

County. *See* Doc. No. 1. On August 24, 2011, Prestige removed this action to this Court. *See id.*

In her Amended Complaint, Plaintiff alleges various violations of the Maryland Consumer

Protection Act and the common law of Maryland. *See* Am. Compl. These claims relate to

Prestige's alleged conduct in its attempt to collect on its loan.

Prestige contends that Brooks' Amended Complaint should be dismissed for lack of

subject matter jurisdiction. Specifically, Prestige contends that Brooks has no standing to sue

because the present cause of action accrued prior to Brooks' filing of a bankruptcy petition, and

thus the cause of action vests with the bankruptcy estate and only the trustee may bring a lawsuit.

In the alternative, Prestige contends that the Court should stay this action to achieve economy of

proceedings and prevent undue hardship to Prestige. The Court will first determine the

jurisdictional issue of standing before considering Prestige's motion to stay proceedings.

## II.      STANDARD OF REVIEW

### A.      Motion to Dismiss

There are two ways to present a motion to dismiss for lack of subject matter jurisdiction

pursuant to Federal Rule of Civil Procedure 12(b)(1).  First, a party may contend "that a

complaint simply fails to allege facts upon which subject matter jurisdiction can be based."

*Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).  In this situation, "the facts alleged in the

complaint are assumed to be true and the plaintiff, in effect, is afforded the same procedural

protection as he would receive under a Rule 12(b)(6) consideration." *Id.*  Second, a party may

contend that the jurisdictional allegations in the complaint are not true.  *Id.*  In the latter situation,

the Court may conduct an evidentiary hearing and consider matters beyond the allegations in the

complaint. *Id.*

        B.      Motion to Stay Proceedings

The Court has "broad discretion to stay proceedings." *Clinton v Jones*, 520 U.S. 681,

706-07 (1997) (citing *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936)). In determining

whether to grant a stay of proceedings, the Court considers "the length of the requested stay; the

hardship that that [sic] the movant would face if the motion were denied, the burden a state

would impose on the nonmovant, and whether the stay would promote judicial economy by

avoiding duplicative litigation." *In re Mut. Funds Inv. Litig.*, No. MDL 1586, 2011 WL 3819608,

at *1 (D. Md. 2011) (citing *Vasvari v. Rite Aid Corp.*, No. 09-cv-2069, 2010 WL 3328210, at *3

(M.D. Pa. Aug. 23, 2010)).

## III.    ANALYSIS

        A.      Prestige's Motion to Dismiss for Lack of Standing

Prestige contends that Brooks' complaint should be dismissed based on lack of subject

matter jurisdiction because only the trustee has standing to pursue claims on behalf of the

bankruptcy estate. Prestige argues that under Fourth Circuit case law, if a cause of action accrues

prior to a debtor's filing of a bankruptcy petition, the "the debtor's interests in property vest in

the bankruptcy estate, and the debtor surrenders the right to dispose of or otherwise control the

estate property." *Miller v. Pac. Shore Funding*, 287 B.R. 47, 49 (D. Md. 2002) (citing *Richman

v. Garza*, No. 96-2156, 1997 WL 360644, at *1 (4th Cir. July 1, 1997)).

The Court is not persuaded by Prestige's argument for several reasons. First, Brooks does not deny that her cause of action accrued prior to the filing of her bankruptcy petition. However, Brooks contends that the holding in *Miller* is inapplicable because, unlike the debtor in *Miller* who filed for bankruptcy under Chapter 7, Brooks filed for bankruptcy under Chapter 13. This difference is crucial because the trustee has the exclusive authority to prosecute claims under Chapter 7, whereas Chapter 13 debtors retain authority to prosecute claims. *See Cable v. Ivy Tech State College*, 200 F.3d 467, 472 (7th Cir. 1999).

Prestige also cites to *In re Family Dollar FLSA Litigation*, a case in the Western District of North Carolina which found that Chapter 13 debtors do not have standing to bring a cause of action accruing prior to the filing of a Chapter 13 bankruptcy petition. No. 3:08 MD 1932, 2009 WL 1750908, at *5 (W.D.N.C. June 19, 2009). Although *Family Dollar* was decided by another court in the Fourth Circuit and is persuasive authority, the Court declines to adopt the holding in that case. The court in *Family Dollar* cited primarily to an Eleventh Circuit case, decided in 1998, in reaching the conclusion that the trustee in bankruptcy succeeds to all causes of action held by the debtor and that the debtor lacks standing to pursue those causes of action. *Id.* The court did not discuss a more recent Eleventh Circuit case which held that Chapter 13 debtors retain standing to pursue legal claims on behalf of the estate. *See Crosby v. Monroe Cnty.*, 394 F.3d 1328, 1331 n.2 (11th Cir. 2004).

Furthermore, the *Family Dollar* decision relied upon the Fourth Circuit's holding in *In re Richman* that a debtor's pre-petition causes of action are the property of the bankruptcy estate. *See* 104 F.3d 654, 657 (4th Cir. 1997). However, *Richman* is distinguishable from the case at bar because it involved a Chapter 7 proceeding. *See id.* As discussed above, Chapter 7 bankruptcies

differ from those under Chapter 13 in that the trustee has the exclusive authority to prosecute claims under Chapter 7. *See Cable*, 200 F.3d at 472.

Indeed, while the Fourth Circuit has not yet addressed whether Chapter 13 debtors have standing to bring claims in their own name on behalf of the bankruptcy estate, the five circuit courts to consider it have held that they do. *See Smith v. Rockett*, 522 F.3d 1080, 1081 (10th Cir. 2008); *Crosby*, 394 F.3d at 1331 n.2 (11th Cir. 2004); *Cable*, 200 F.3d at 472-74 (7th Cir. 1999); *Olick v. Parker & Parsley Petroleum Co.*, 145 F.3d 513, 515-16 (2d Cir. 1998); *Maritime Elec. Co. v. United Jersey Bank*, 959 F.2d 1194, 1209 n.2 (3d Cir. 1992). Furthermore, a court in the Fourth Circuit recently noted that it had "little issue" with the the proposition that a Chapter 13 debtor has such standing, and that although the Fourth Circuit has not yet considered the issue, it is "not particularly controversial." *See In re Lee*, 432 B.R. 212, 214 (D.S.C. 2010). Thus, the weight of case law suggests that Brooks has standing to pursue this action.

Moreover, that Brooks has standing to bring claims on behalf of the bankruptcy estate makes sense upon consideration of the relevant statutes. While section 323 of the Bankruptcy Code designates the trustee of a bankruptcy estate as the personal representative of that estate with the capacity to sue and be sued, 11 U.S.C. § 323, the trustee is not the sole person with the authority to sue. Rule 6009 of the Federal Rules of Bankruptcy Procedure specifically allows the trustee *or debtor in possession* to prosecute an action on behalf of the estate. Fed. R. Bankr. Pro. 6009 (emphasis added). The question then becomes whether Brooks can be considered a "debtor in possession" under Bankruptcy Rule 6009. The Court finds that Brooks is a debtor in possession pursuant to 11 U.S.C. § 1306(b), which provides that, for debtors filing for

bankruptcy protection under Chapter 13, all of the property of the estate remains in the possession of the debtor.

Prestige cites to the dissenting opinion in *Smith v. Rockett*, a Tenth Circuit case, in support of its contention that a Chapter 13 debtor is not a "debtor in possession" as that term is used in Bankruptcy Rule 6009. *See Smith*, 522 F.3d at 1084 (O'Brian, T., dissenting). However, this Court is more persuaded by the majority's reasoning in *Smith*, that "[i]t would frustrate the essential purpose of § 1306 to grant the debtor possession of the chose in [sic] action yet prohibit him from pursuing it for the benefit [of] the estate." *Id.* at 1081 (citing *Cable*, 200 F.3d at 473). Accordingly, the Court finds that Brooks has standing to bring the instant action.


B.     Prestige's Motion to Stay Proceedings

In the alternative, Prestige contends that the Court should exercise its discretion to stay this action to achieve economy of proceedings and to prevent undue hardship to Prestige. In particular, Prestige argues that it is unable to file a counterclaim in this action to recover the debt owed by Plaintiff because to do so would violate the automatic stay under 11 U.S.C. § 362. *See Koolik v. Markowitz*, 40 F.3d 567 (2d Cir. 1994). Next, Prestige contends that it desires to assert the affirmative defense of set-off when it answers Brooks' Complaint, but it may be denied this defense during the pendency of the bankruptcy action because this affirmative defense potentially decreases an asset of the estate. Finally, Prestige argues that the bankruptcy action must determine the amount of the loan due and owing to Prestige, the value of the security, and the disposition of the Honda Accord, and that these issues should be resolved and the bankruptcy proceedings concluded before this action proceeds.

In considering a motion to stay, the Court balances the competing interests on both sides. *See Dellinger v. Mitchell*, 442 F.2d 782, 786 (D.C. Cir. 1971).  Although the Court generally has "broad discretion to stay proceedings", *Clinton*, 520 U.S. at 706-07, courts have held that in the context of bankruptcy reorganizations, "mere convenience of administration is an insufficient basis for staying a cause before another court."  *See*, *e.g.*, *Commodity Futures Trading Com'n v. Chilcott Portfolio Mgmt, Inc.*, 713 F.2d 1477, 1485 (10th Cir. 1983).

For the following reasons, the Court finds that the interests in the instant action weigh in favor of denying a stay. First, the Court acknowledges that Prestige will be unable to file a counterclaim against Brooks in this case due to the automatic stay under 11 U.S.C. § 362(a). *See*, *e.g.*, *In re Copeland*, 441 B.R. 352, 361 (W.D. Wash. 2010). However, as long as the Bankruptcy Court confirms Brooks' plan, any counterclaim that Prestige would otherwise file against Brooks to recover on that debt would be dismissed. Prestige has already filed a proof of claim in the bankruptcy case, and on August 19, 2011, the Bankruptcy Court entered an order that determined the secured status of Prestige's lien. *See* Doc. No. 16 Exs. B, C. Thus, Prestige's rights regarding the debt have already been determined by the Bankruptcy Court. As soon as Brooks' plan is confirmed, both parties will be bound by the plan "whether or not the claim of such creditor is provided for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. § 1327. Accordingly, the Court finds that Prestige suffers no undue hardship by its inability to raise counterclaims relating to Brooks' debt.

Second, Prestige contends that absent a stay, it will be unable to assert the affirmative defense of set-off in the instant action because to do so would potentially decrease an asset of the estate. By asserting this affirmative defense, Prestige seeks to offset any money received by

Brooks in the present action by amounts owed under Brooks' loan to Prestige. The Maryland Court of Appeals defines set-off as a "diminution or a complete counterbalancing of the adversary's claim based upon circumstances arising out of a transaction *other than* that on which the adversary's claim is based." *Imbesi v. Carpenter Realty Corp.*, 744 A.2d 549, 552 (2000) (emphasis added). Because all of Prestige's claims arise out of the same transaction, i.e. Prestige's loan to Brooks, the affirmative defense of set-off is not available to Prestige. Accordingly, Prestige suffers no undue hardship by its inability to raise this affirmative defense.

Finally, Prestige argues that the value of the debt Brooks owes to Prestige and the value of the security remains uncertain during the pendency of the bankruptcy proceedings, and that these issues should be resolved and the bankruptcy proceedings concluded before the instant action proceeds. The Court disagrees. Pursuant to the Bankruptcy Code, a creditor's rights regarding a debt are determined when the creditor files a proof of claim and the Court determines the secured status of the debt. 11 U.S.C. §§ 501, 506. As discussed above, Prestige has already filed a proof of claim, and the Bankruptcy Court has entered an Order Determining Secured Interest which determined Prestige's rights regarding the lien. Prestige argues that uncertainty remains with respect to the lien because Brooks' case could be dismissed, resulting in the full lien and debt being reinstated under 11 U.S.C. § 349. The Court declines to speculate about the actions of the Bankruptcy Court and the likelihood it will dismiss Brooks' case and will not grant a stay on these grounds.

Moreover, moving forward with this action and resolving Brooks' claims serves her creditors' interests as well as her own. Brooks listed the current action as an asset in her bankruptcy petition and exempted over $20,000 should she recover that amount. *See* Doc. No. 16

8

Ex. A. Any damages that exceed the exempted amount would belong to the bankruptcy estate. Because Brooks' claims in this action affect the funding of the bankruptcy estate, the orderly course of justice weighs in favor of resolving Brooks' claims at this time rather than staying proceedings until the end of Brooks' bankruptcy. Accordingly, the Court declines to grant a stay in the instant action.

## IV.     CONCLUSION

For the foregoing reasons, Prestige's motion to dismiss is denied, Brooks' motion to strike notice of stay is granted, and Prestige's motion to stay is denied. A separate order will follow.


October 13, 2011                                                    /s/                          
        Date                                            Alexander Williams, Jr.
                                                        United States District Judge